UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARK EUGENE HATCHER,

      Plaintiff,

v.                                    Case No. 3:26-cv-1369-MMH-LLL

SERGEANT BENNETT, et al.,

      Defendants.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Mark Eugene Hatcher, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983 (Complaint; Doc. 1). His handwriting is exceedingly difficult to read, but he generally complains that officers have used excessive chemical spray on him, unfairly placed him on strip status, or have sexually harassed him, and a "canteen man" has taken money out of his prison account without due process. See Complaint at 5–7, 9.

The Prison Litigation Reform Act (PLRA) amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court

of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g), commonly referred to as the "three strikes" provision, requires this Court to consider prisoner actions dismissed before, as well as after, the enactment of the PLRA.

This Court takes judicial notice of other actions previously brought by Hatcher that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 3:23-cv-1302-HES-LLL (M.D. Fla.) (failure to state a claim); (2) 3:24-cv-1017-MMH-SJH (M.D. Fla.) (failure to state a claim); and (3) 3:25-cv-1098-WWB-MCR (M.D. Fla.) (failure to state a claim).[1] Because Hatcher has had three or more prior qualifying dismissals and his allegations do not warrant the imminent danger exception to dismissal,[2] this action will be dismissed without prejudice.

---

[1] This Court has designated Hatcher a three-strikes litigant pursuant to 28 U.S.C. § 1915(g). See 3:26-cv-220-WWB-LLL (M.D. Fla. Feb. 5, 2026).

[2] Hatcher vaguely states throughout his Complaint that he is "in fear for [his] life," see Complaint at 6, 12, 15, but he asserts no allegations demonstrating he is "under imminent danger of serious physical injury" as that phrase has been interpreted and applied. See, e.g., Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) ("[A] prisoner must allege a present imminent danger, as opposed to a past danger, to proceed under [§] 1915(g)."); see also Sutton v. Dist. Attorney's Off., Gwinnett Super. Ct., Ga., 334 F. App'x 278, 279 (11th Cir. 2009) (holding that generalized assertions of fear, anxiety, and danger are "insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical

Hatcher may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $405.00 filing fee.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.    This case is hereby **DISMISSED without prejudice**.

2.    The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of June, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-6
c:
Mark Eugene Hatcher

---

injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury" (quoting Brown, 387 F.3d at 1350)).

3